UNITED STATES v. McCORD BRADY CO. ET AL. (No. 1848).[1]

CONSTRUCTION, PARAGRAPH 627, TARIFF ACT of 1913—"CONTAINERS OF TEA."

Paragraph 627, tariff of 1913, levying duty upon "cans, boxes, or other containers of tea packed in packages of less than 5 pounds," does not levy duty upon the container of the *tea itself*, but upon the container of the *packages* of tea. The provision is relative in its terms and does not apply to immediate containers of tea.— Wright & Graham cases (5 Ct. Cust. Appls., 453; T. D. 34976, and 6 Ct. Cust. Appls., 528; T. D. 36147). Where tea was imported packed in packages of less than 5 pounds each, these packages being assembled and placed in a large box or case for transportation, the container of the less than 5 pound quantity of the *tea itself* should have been admitted free of duty, and duty should have been levied upon the box or case, which was the immediate container of the *packages* of tea.

United States Court of Customs Appeals, November 20, 1917.

APPEAL from Board of United States General Appraisers, Abstract 40773.

[Modified.]

Bert Hanson, Assistant Attorney General (*Thomas J. Doherty*, special attorney, of counsel), for the United States.
Edward D. Jones for appellee.

---

[1] T. D. 37437 (33 Treas. Dec., 433).

[Oral argument Oct. 9, 1917, by Mr. Doherty.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

The case made by this appeal is concisely set forth in the decision of the Board of General Appraisers. The board recites that the merchandise in the case consists of tea packed in packages of less than 5 pounds each, these packages being assembled and placed in a large box or case for transportation; that there were no intermediate containers of any kind; that in the importations covered by some of the protests duty was assessed upon the immediate containers or wrappings of the tea, and in others upon the large cases or boxes in which these smaller packages were assembled and packed; that the protestants claimed that both the immediate containers or wrappings of the tea and the outer coverings or boxes containing the packages were free of duty under paragraph 627 of the tariff act of 1913. That paragraph reads:

627. Tea not specially provided for in this section and tea plants: *Provided,* That the cans, boxes, or other containers of tea packed in packages of less than five pounds each shall be dutiable at the rate chargeable thereon if imported empty: *Provided further,* That nothing herein contained shall be construed to repeal or impair the provisions of an Act entitled "An Act to prevent the importation of impure and unwholesome tea," approved March second, eighteen hundred and ninety-seven, and any act amendatory thereof.

The board sustained all the protests and directed reliquidation of the entries admitting free of duty the immediate containers or wrappings of the tea and also the large packing boxes in which these smaller packages of tea, all weighing less than 5 pounds, were assembled and imported. From this decision the Government appeals. While the assignment of errors claims one of the protests filed more than 30 days after liquidation the briefs and argument in this court were confined to the single point that the board erred in holding the large boxes or cases in which the *packages* of tea were packed free of duty.

The subject is one which has previously received the attention of this court in two appeals. In the first, Wright & Graham Co. *v.* United States (5 Ct. Cust. Appls., 453; T. D. 34976), the facts as recited by the court were that—

Tea in packages of less than 5 pounds, that is, packages containing 1½ to 4 ounces of tea each, were imported. The immediate containers, holders, or coverings of the tea were either sheet lead, cardboard boxes, or boxes with cardboard sides and tin tops and bottoms. So constituted, these packages of tea were packed in larger tin boxes holding more than 5 pounds. These larger tin boxes are substantially made, are capable of being used and are used as containers after the package teas are removed therefrom, and according to the undisputed testimony of one witness are sometimes of more value than the packages of tea contained therein. When package teas are imported in these large tin boxes such boxes are covered with wooden boxes or crates.

The view of the court construing paragraph 627 was expressed in the following language:

As enacted it is susceptible either of the construction claimed by the Government, namely, that the immediate wrappings or containers of less than 5 pounds of tea are dutiable, or of that of the importers, which is that thereunder duty is to be levied only upon the larger containers of *packages* of tea of less than 5 pounds, the immediate containers or coverings of which are free. And it is not entirely clear, considering alone the language of the paragraph, that it might not be understood to impose a duty upon both classes of these containers or coverings, although in view of what has already appeared *we do not now consider this construction to be tenable.*

It will be noted that in that case the subject of controversy was the immediate wrappings or containers of the tea.

Tea, as imported, is variously packed in two or three containers. There may be, and frequently are, but two coverings; that is, the containers of the packages weighing less than 5 pounds and the box or case in which a number of these packages are imported. In addition thereto these packages may be, and frequently are, packed in an intermediate container, which in turn is itself packed in a box or case. The sole question in the case cited and decided was as to the immediate containers or wrappings of the several packages weighing less than 5 pounds.

The subject again came to this court in Wright & Graham Co. et al. *v.* United States (6 Ct. Cust. Appls., 528; T. D. 36147). Herein again the issue concerned only the immediate containers or wrappings of the tea constituting packages weighing less than 5 pounds, though the importations embraced all of the classes above stated; that is to say, there were concerned tea imported in two containers, and tea imported in three containers. The sole issue and question decided, however, in both cases was the dutiability of the immediate containers or wrappings of the tea. It was held in both cases by the court that these immediate containers or wrappings were not dutiable. In the discussion of the case, necessarily, expressions were used adverting to the intermediate and immediate containers. In neither of these cases, however, was the issue made or decided as to the dutiability of other than the immediate containers or wrappings of the tea itself.

In those cases the court reviewed the history of this legislation and laid stress upon the fact that what was probably *presented to Congress* to be made dutiable was intermediate containers; that is to say, the subject of complaint was a superior class of intermediate containers which were being imported to be sold as such and inasmuch as the tea was free and there was no express legislation making these containers dutiable, they were being passed free of duty, whereby a superior class of articles was being imported for the trade in the guise of coverings of tea.

Whatever may have been the case presented to Congress prompting this legislation, the intent of the Congress herein must be gathered

from the language employed. If that language is plain and unambiguous the court is not at liberty to look further than its words and must apply them as written in the law. If, as plainly written in the statute, these words apply not only to all the containers of packages of tea, as distinguished from the containers or wrappings of the tea that is not imported packed in packages, the court must decree duties assessable accordingly whether these containers be *intermediate* coverings and also immediate coverings of *packages* of tea, or, as in this case, the *outer* and also immediate coverings of the *packages* of tea. If the guide to decision is the plain and unambiguous language of Congress the court, from the language employed, can not say but that Congress deemed that the immediate coverings of *packages* of tea should *in all cases* be made the subject of duty, and deemed that the purposes of Congress could thus only be effected. Plainly Congress provided a duty upon some containers of *packages* of tea, employing language broad enough to plainly and unambiguously include all of the immediate coverings of tea packed in packages.

In this case duty was in some instances assessed upon the immediate coverings of the tea, and in other cases on both the immediate coverings and the boxes or containers of the packages as well. The court has already ruled in the two cases cited that the immediate coverings, those coverings which constitute the packages themselves, were entitled to free entry. The court can not read the language of the statute other than plainly and unambiguously levying duty upon the containers of these *packages*. These are the only questions here in issue and the only questions decided. Accordingly the decision of the Board of General Appraisers is *modified*.